UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, )<br>            Plaintiff, )<br> ) <br>      v. )<br> )<br>GATLIN RAGO CPA GROUP LLC, )<br>f/k/a RAGO & SNYDER CPA AND )<br>ASSOCIATES LLC, and NEIL A RAGO, )<br>            Defendants. ) | CAUSE NO.: 2:20-CV-366-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Huntington National Bank invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing its Complaint (ECF No. 1). As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction over this action, no Defendant may be a citizen of the same state as Plaintiff, and the amount in controversy must be more than $75,000. 28 U.S.C. § 1332. Plaintiff has alleged a sufficient amount in controversy, and has sufficiently alleged its own citizenship and the citizenship of Defendant Neil A. Rago. (ECF No. 1, ¶¶ 1, 4, 5). The allegations in Plaintiff's Complaint are insufficient, however, as to the citizenship of Defendant Gatlin Rago CPA Group LLC, f/k/a Rago & Snyder CPA and Associates LLC ("Gatlin Rago LLC").

Plaintiff's Complaint alleges that Defendant Gatlin Rago LLC "is an Indiana limited liability company with its principal office at 1608 E. Lincolnway, Suite D, Valparaiso, IN 46383." (ECF No. 1, ¶ 2). But a limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Accordingly, the "name and citizenship" of each member of a limited liability company "must be identified to determine diversity jurisdiction." *See Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (requiring the name and citizenship of each LLC member to be identified) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed") (citing *Guar. Nat'l Title*, 101 F.3d at 59). Moreover, citizenship must be "traced through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). And all such allegations must state the citizenship of each such member at the time the Amended Complaint was filed. *See Rockwell*, 549 U.S. at 473-74; *Cunningham*, 592 F.3d at 807; *Thomas*, 487 F.3d at 533-34. Plaintiff must therefore identify each member of Gatlin Rago LLC and each such member's citizenship as of the date the Complaint was filed.

The Court acknowledges Plaintiff's additional allegations that Gatlin Rago LLC's "member is Neil A. Rago," and that he "is an individual who is a citizen of the State of Indiana because he maintains his domicile and principal place of residence at 2934 Amanda Drive, Portage,

IN 46368." (ECF No. 1, ¶ 3). If Plaintiff had further alleged that Neil A. Rago is Gatlin Rago LLC's sole member, these allegations may have sufficed. But Plaintiff's Complaint fails to clarify whether Gatlin Rago LLC has any other members, or allege that Gatlin Rago LLC in an Indiana citizen based on Neil A. Rago's citizenship.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the citizenship of Defendant Gatlin Rago CPA Group LLC, f/k/a Rago & Snyder CPA and Associates LLC for purposes of diversity jurisdiction. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **November 2, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendant Gatlin Rago CPA Group LLC, f/k/a Rago & Snyder CPA and Associates LLC as stated above.

So ORDERED this 19th day of October, 2020.

                                                s/ Joshua P. Kolar
                                                MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                UNITED STATES DISTRICT COURT