## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>GATLIN RAGO CPA GROUP LLC f/k/a<br>Rago & Snyder CPA and Associates LLC and<br>NEIL A. RAGO,<br><br>    Defendants. | CAUSE NO.: 2:20-CV-366-TLS-JPK |

### OPINION AND ORDER

This matter is before the Court on Plaintiff's Rule 55 Motion for Default Judgment as to Counts I, II, and III of Complaint [ECF No. 16], filed on January 21, 2021. The Plaintiff Huntington National Bank brings this action against the Defendant Gatlin Rago CPA Group LLC f/k/a Rago & Snyder CPA and Associates LLC in Counts I and II for breach of two notes. The Plaintiff brings the action against Defendant Neil A. Rago in Count III for breach of guarantees, in Count IV for foreclosure of personal property collateral, and in Count V for turnover of personal property collateral.

Federal Rule of Civil Procedure 55, which governs the entry of default and the entry of default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) (stating that "[t]he Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). The first step is satisfied when the clerk of court enters a party's default because it

has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b). Because there is no entry of default on the Complaint, the requirements for the entry of default judgment cannot be satisfied and the Plaintiff's Rule 55 Motion for Default Judgment is premature.

## CONCLUSION

For the reasons stated above, the Court DENIES without prejudice the Plaintiff's Rule 55 Motion for Default Judgment as to Counts I, II, and III of Complaint [ECF No. 16] and grants the Plaintiff leave to refile the motion upon first obtaining an entry of default.

SO ORDERED on January 26, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT